IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| MARK CERRATO, | * |
| Plaintiff, | * |
| v. | * CIVIL NO.: WDQ-13-2774 |
| ALLIANCE MATERIAL HANDLING, INC., *et al.* | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Mark Cerrato sued Alliance Material Handling, Inc. ("Alliance") and Thomas Albero (collectively "the Defendants"), for violations of the Fair Labor Standards Act ("FLSA"),[1] the Maryland Wage Payment and Collection Law ("MWPCL"),[2] and the Maryland Wage and Hour Law ("MWHL").[3] Pending is a joint motion for approval of a collective action settlement. For the following reasons, the parties' joint motion for approval of settlement will be denied without prejudice.

I. Background

On September 30, 2013, Cerrato, on behalf of himself and all others similarly situated, sued the Defendants to recover

---

[1] 29 U.S.C. §§ 201, *et seq.*

[2] Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.*

[3] Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*

unpaid overtime.  *See* ECF No. 1.  Cerrato alleges that he worked for Alliance from November 2005 to August 2013 as a fork lift technician.  ECF No. 1 ¶ 9.  Cerrato alleges that he, and other similarly situated employees, regularly worked for more than 40 hours per week; and Alliance did not properly pay them time and a half for all overtime hours they worked.  *See* ECF No. 1 ¶¶ 11-16.  On October 15, 2013, the Defendants answered the complaint denying all material allegations.  *See* ECF No. 7.

On December 6, 2013, Cerrato moved for conditional collective action certification and court-facilitated notice. ECF No. 15.  On December 30, 2013, the Defendants opposed the motion.  ECF No. 19.  On January 16, 2014, Cerrato replied.  ECF No. 20.  On January 23, 2014, the parties held a settlement conference with Magistrate Judge Susan K. Guavey.  On April 25, 2014, the parties filed a joint motion for FLSA settlement approval.  ECF No. 22.

II. Analysis

Plaintiffs may maintain a collective action against their employer for violations of the FLSA under 29 U.S.C. § 216(b). *See, e.g., Simmons v. United Morg. & Loan Inv., LLC*, 634 F.3d 754, 758 (4th Cir. 2011); *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 565 (D. Md. 2012).  The provision provides that:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by one or more employees for and in

```
behalf of himself or themselves and other employees
similarly situated.  No employee shall be a party
plaintiff to any such action unless he gives his
consent in writing to become such a party and such
consent is filed in the court in which such action is
brought.
```

29 U.S.C. § 216(b). In a collective action under the FLSA, unlike a class action under Rule 23,[4] potential plaintiffs must opt-in by affirmatively notifying the Court of their intention to become parties to the suit. *See Simmons*, 634 F.3d at 758. A named plaintiff represents only himself until other similarly situated employees opt-in to the suit. *See id.* In the absence of any other plaintiffs opting-in, a named plaintiff's suit becomes moot when his individual claim is satisfied. *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013); *Cameron-Grant v. Maxim Healthcare Servs. Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003) (named plaintiff had no interest in representing potential opt-in plaintiffs when named plaintiff's claim was settled).

Under the FLSA, settlement agreements must be approved by the Department of Labor or the court.[5] Here, the parties ask the Court to approve a settlement agreement, designate the action as a collective action, and facilitate notice to members of the

---

[4] Fed. R. Civ. Pro. 23.

[5] *See, e.g.*, *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476 (D. Md. 2010).

collective action of their rights to opt-in to the settlement. See ECF No. 22. No other plaintiffs have opted-into this action. The court in *Leigh v. Bottling Group, LLC*, No. DKC-10-0218, 2011 WL 1231161, at *3-4 (D. Md. March 29, 2011), raised concerns about a similar settlement procedure. In *Leigh*, the parties also sought approval of a settlement before the collective action was conditionally approved and before any other plaintiffs had opted-in. *Leigh*, 2011 WL 1231161, at *2. The court noted that, given the opt-in nature of FLSA collective action suits, the case would be moot once the court approved the settlement of the named plaintiff, and the plaintiff did not have authority to settle claims for plaintiffs who had not opted-in. *See id.* at *2-3.

The court denied the motion seeking approval of the settlement, reasoning that it "would not evaluate the fairness of the settlement until all the [p]laintiffs had appeared in the action, and have had an opportunity to object to the terms of the settlement." *Leigh v. Bottling Grp. LLC (Leigh II)*, No. DKC-10-0218, 2012 WL 460468 at *4 (explaining the court's previous decision to deny settlement approval). The court in *Leigh* further held that, if the parties wished to proceed with settlement of the collective action, they should amend and re-file a motion for conditional certification of a collective class and facilitation of notice of the proposed settlement.

4

*See Leigh*, 2011 WL 1231161, at *4. After potential plaintiffs are given an opportunity to opt-in, the court would consider the fairness of the settlement at a hearing for final settlement agreement approval. *See id.* at *4-5.

The reasoning in *Leigh* is persuasive. Accordingly, if the parties want to settle this suit as a collective action, they should amend and re-file their motion requesting conditional certification of the collective class and facilitation of notice of the proposed settlement consistent with this opinion.[6] The notice must provide potential plaintiffs with sufficient information for them to assess the fairness of the proposed settlement, including how individual settlement awards will be determined, the proposed incentive fee to Cerrato, and the proposed attorneys' fee. *See Leigh*, 2011 WL 1231161, at *5. The Court will assess the fairness of the proposed settlement at a hearing after potential plaintiffs have been given time to opt-in to the suit. A plaintiff who opts-in will be permitted to object to the proposed settlement at the fairness hearing.[7]

---

[6] Although Cerrato previously moved for conditional certification and facilitation of notice, the Defendants opposed the motion. *See* ECF Nos. 15, 19. In light of the proposed collective action settlement agreement, the Court will provide the parties with an opportunity to re-file a motion for conditional certification and facilitation of notice.

[7] Opt-in plaintiffs may object by appearing at the hearing or submitting written objections in advance.

III. Conclusion

For the reasons stated above, the parties' joint motion for approval of settlement will be denied without prejudice.

_4/30/14_
Date

_[signature]_
William D. Quarles, Jr.
United States District Judge